FECHTMAN v. HUBER.

(Supreme Court, Appellate Division, First Department.   November 20, 1896.)

MASTER AND SERVANT—PROOF OF RELATION.

> The relation of master and servant between defendant and the person of whose negligence plaintiff complains is proved by the admission of defendant's representative, supplemented by other evidence to that effect, and by defendant's admission that such person was performing services for him at the time of the accident, though defendant denies the employment.

Appeal from trial term, New York county.

Action by Frank W. Fechtman against George H. Huber for damages to plaintiff's horse and carriage, which he left in charge of an alleged employé of defendant while he went inside defendant's road house, at which he had stopped.   When the horse was brought up by the alleged employé for plaintiff to continue on his way, a horse and wagon in front backed down, and the wagon struck plaintiff's horse, causing him to run away.   From a judgment entered on a verdict in favor of plaintiff for $200, and from an order denying a motion for a new trial, made on the minutes, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

William Sulzer, for appellant.

Arthur J. Westermayr, for respondent.

BARRETT, J.   There was sufficient evidence to warrant the submission to the jury of the two questions which were presented in this case.   These questions were: First, whether the "shedman," so called, was the defendant's servant; and, if so, second, whether this servant was guilty of negligence.   The jury have found for the plaintiff upon both issues.   There was no question of contributory negligence.   The learned judge so stated in his charge, without exception, and there was no request to submit any possible question on that head to the jury.   There was in fact no such question in the case.

The defendant complains that the declarations of one Fischer, to the effect that the negligent shedman was in the defendant's employ, were incompetent.   But this testimony was not objected to.   On the contrary, it was treated as competent, and Fischer himself was called by the defendant to contradict it.   The reason why it was not objected to is obvious.   Fischer was the defendant's road-house manager and alter ego.   He substantially so testified.   The defendant himself admitted that Fischer was his general representative.   There

is nothing, therefore, in the point now for the first time made, that Fischer's declarations were incompetent. The evidence of his admission, testified to by three witnesses, is sufficient basis for the verdict. There was also the testimony of the witness Brown that the man in question was employed by the defendant; and the defendant himself, although he said the man was not in his employ, admitted that "it was the duty of this man referred to to take care of the horses; that is, to put them in the shed and bring them out again." He was thus, according to the defendant's own account, performing services for him at the time of the accident. The evidence on this head is ample to support the verdict.

The evidence of the shedman's negligence is given by the plaintiff. There was another vehicle in front of the plaintiff's horse and wagon. This vehicle was backed down so that its wheels struck the plaintiff's horse. The latter was thereby startled and became unruly. The plaintiff testifies that the shedman, "when he saw the other horse back, stood perfectly still, and made no effort whatever to get out of the way." It was to be expected that the horse would be frightened if the wheels should strike him. And the jury had a right to find that the shedman was negligent in not attempting, while the backing was going on, to remove the plaintiff's horse out of harm's way. The negligence was in making no effort to avert the collision, and it was not cured by the shedman's subsequent effort to prevent the horse's escape. This evidence is absolutely uncontradicted, and it is reinforced by the defendant's failure to call the shedman as a witness, or to explain in any way why this was not done. Indeed, the case was tried mainly upon the question first considered, and the question of the shedman's negligence was not specifically raised. After moving to dismiss upon the first ground, the learned counsel for the defendant did add, "There is no proof of our negligence." But this amounted to no more than a continuous disavowal of the shedman's agency. It was the same as saying, "We move to dismiss upon the ground that there is no proof that the shedman was in our employ, and consequently there is no proof of our negligence."

The judgment and the order denying the motion for a new trial should be affirmed, with costs. All concur.